

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Vujicic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vujicic v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1332
_____

ZIVAN VUJICIC; DAVORKA JOVANOVIC
a/k/a DAVORKA VUJICIC

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Zivan Vujicic and Davorka Jovanovic,

Petitioners
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(A29-756-205, A70-866-762)
Immigration Judge: Annie S. Garcy
_____

Submitted under Third Circuit LAR 34.1(a) – November 16, 2005
_____

Before: BARRY and AMBRO, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

(Filed: April 6, 2006)

_____

---

[*]Honorable Louis H. Pollak, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

_____

POLLAK, <u>District</u> <u>Judge</u>:

Zivan and Davorka Vujicic ("petitioners") seek review of a Board of Immigration Appeals ("BIA"or "Board") decision in which the BIA declined to reissue its earlier decision denying petitioners' motion to reopen their case.

**I.**

Because we write primarily for the parties, we recite only those facts and aspects of the procedural history that are especially pertinent to our analysis.

The petitioners, citizens of Serbia/Montenegro and Slovenia, respectively, were ordered removed by an Immigration Judge on April 15, 1996. Their appeal to the BIA was denied on May 7, 1997. In January 2000, petitioners moved the Board to reopen their appeal. This motion was denied on January 27, 2003. On September 15, 2004, petitioners moved the BIA to reissue that decision because they had not received notice of it until September 2004.

In the interim between the filing of their motion to reopen and the BIA's denial of that motion, petitioners' counsel had changed the location of his office. In preparation for this move, counsel sent petitioners a letter notifying them of the change of address, and the letter indicated that a copy of the letter had been sent to the BIA. However, the BIA had no record of receiving any notice of the change of address and mailed the 2003

decision to counsel's previous address, as listed on his Notice of Entry of Appearance

("Form EOIR-27") in the petitioners' file. Because counsel had moved his office almost

two years before the Board decision, the postal service was no longer forwarding his mail,

and the 2003 decision apparently was not received by counsel.

On January 13, 2005, the BIA denied the motion to reissue the 2003 decision,

stating as follows:

> This case was last before us on January 27, 2003, when we issued an order denying the respondents' motion to reopen. On September 16, 2004, the respondents filed the instant motion with the Board, asking that our prior order in this case be reissued with today's date so that they can again pursue their claims to relief. Counsel in his sworn declaration states that he did not receive a copy of the Board's January 27, 2003, order, noting that it was mailed to counsel's old office address. The record contains a notice of entry of appearance (Form EOIR-27), dated January 3, 2000, and received at the Board on January 11, 2000, containing the old office address. The record does not contain a Form EOIR-27 with the new address (except the one filed with the instant motion), and the record does not contain mail returned to the Board by the United States Postal Service as having been undeliverable. The record does not contain the letter, of which counsel has provided his own file copy, dated September 1, 2000, addressed to the respondents and informing them of counsel's change of address, with a copy purportedly having been mailed to the Board.[1] The Board's prior order was mailed to the address provided on the Form EOIR-27 dated January 3, 2000. We find no evidence of administrative error in this case.
>
> To the extent the instant motion could be construed as a motion to reconsider, it would be untimely, not having been filed within 30 days of our prior order. *See* 8 C.F.R. § 1003.2(b). Counsel has failed to state what arguments would be pursued if we were to reissue our decision with today's date.[2]
>
> We find that the respondents have failed to establish that reissuance of our order dated January 27, 2003, is warranted. Accordingly, the motion is denied.

[1] The correct method of informing the Board of an attorney's change of address is by counsel filing a separate new Form EOIR-27, with a "new address" notation, in

3

each case pending before the Board at the time of the address change. Counsel may wish to refer to the Board's *Practice Manual*, available at www.usdoj.gov/eoir.

[2] We have reviewed our prior orders in this case and find no error therein.

Petitioners seek review of the BIA's refusal to reissue the decision, claiming it was a violation of their due process and equal protection rights.

## II.

This Court has jurisdiction to review "final orders of deportation" under former INA § 106, 8 U.S.C. § 1105a (1995).[1] *See Stone v. INS*, 514 U.S. 386 (1995). The government contends that a denial of a motion to reissue is not a "final order of deportation," and this court therefore lacks jurisdiction to review the decision. We note that at least one panel of the Ninth Circuit Court of Appeals has addressed the denial of a motion to reissue without squarely addressing jurisdictional concerns. *See Singh v. Gonzales*, 139 Fed. Appx. 908, 909 (9th Cir. 2005) (holding that petitioner who failed to address the denial of his motion to reissue in his brief had waived his right to challenge the decision and noting that the BIA's denial was within its discretion). This Court has not had occasion to address the jurisdictional issue. We think, however, that this case is not an apt vehicle for exploration of that issue, since, as we explain in the following

---

[1] Because this case commenced with the IJ's initial ruling in April of 1996, before the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), its amendments to the INA do not apply. IIRIRA § 309(c)(1). However, the transitional rules concerning judicial review do apply, since the BIA's denial of the motion to reissue was entered "more than thirty days after [September 30, 1996]." *Id.* § 309(c)(4)(E). The changes in the INA do not affect our determination.

4

paragraphs, the merits of petitioners' contention are unpersuasive. *See Bowers v. National Collegiate Athletic Ass'n*, 346 F.3d 402, 411 n.6 (2003).

Under 8 C.F.R § 1003.1(d)(4), the BIA has authority to determine the rules of practice before it. The practice manual enacted under that mandate requires that all attorneys representing aliens before the Board file a "Notice of Entry of Appearance as Attorney or Representative" using Form EOIR-27. BIA Practice Manual, § 2.1(b) (2004). The manual further requires the filing of an amended Form EOIR-27 in the event of "any change of business address for the attorney or representative." *Id.* Counsel representing aliens before the Board are instructed to update their address information within five days of any change by filing an updated Form EOIR-27. *See* 8 C.F.R. § 1003.38(e), (g); BIA Practice Manual, § 2.3(h) (2004). The BIA serves notice of its decisions by regular mail. *See* BIA Practice Manual, § 5.10.

This Court has recognized that executive agencies' interpretations of their regulations are entitled to deference. *Chong v. District Director, INS*, 264 F.3d 378, 389 (3d Cir. 2001). We see no reason why the BIA has an obligation to reissue a decision where it has followed its own procedures. Here the Board has followed the procedures outlined in the regulations and practice manual by mailing notice of its decision to counsel's address of record – the address provided on the only Form EOIR-27 entered in petitioners' file. Counsel did not comply with the BIA's procedure for address changes. He did not file an amended Form EOIR-27, and further, he did not write to the BIA directly to advise them of his change of address. Instead, he merely copied the Board on a

5

change of address notice sent to the petitioners. Given that petitioners' counsel failed to properly change his address with the BIA, it was his error that resulted in the failure to receive notice of the BIA decision. Petitioners contend that counsel's method of giving notice was deemed sufficient in other cases before the BIA.[2] But in this case, the BIA submits that its records do not disclose any notification of a change of address; the files do not contain an updated Form EOIR-27, or a letter from counsel to the Board, or even a copy of counsel's letter to petitioners. Petitioners provide us with no record evidence to the contrary. On this record, we can only conclude that the BIA acted in accordance with its procedures and was within its discretion in denying petitioners' motion to reissue.[3]

Accordingly, the petition for review will be denied.

---

[2] Petitioners' counsel refers to the case of another of his clients in which the Board agreed to reissue a decision that had been mailed to counsel's former address. However, in that case counsel had, after sending the Board a copy of his client letter, filled out a new EOIR-27. In this case, even assuming that a copy of counsel's letter to petitioners was sent to and received by the Board, we do not think the BIA can be held to be under any obligation to pursue a policy of recognition of such a haphazard mode of communicating information.

[3] We note also that, despite finding no basis on which to reissue its prior decision, the BIA nevertheless conducted a review of its prior orders and found no error in them. Thus, the BIA acted in an abundance of caution and gave the petitioners the benefit of the doubt, at least to some extent, by satisfying itself that its refusal to reissue the prior decision would not result in the injustice of preserving an erroneous ruling.