

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# Vujicic v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Vujicic v. Atty Gen USA" (2008). *2008 Decisions.* Paper 231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4487
_____

ZIVAN VUJICIC; DAVORKA VUJICIC,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A29 756 205; A70 866 762)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted under Third Circuit LAR 34.1(a)
on October 15, 2008

Before:  McKEE, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 14, 2008)

_____

O P I N I O N
_____

**PER CURIAM**

Zivan Vujicic is a native of Serbia. His wife, Davorka Vujicic is a native and citizen of Slovenia. They entered the United States in 1989, with authorization to remain for six months, but overstayed their admission period. In July 1994, the petitioners were charged with deportability pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(B) [8 U.S.C. § 1231(a)(1)(B)]. They applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied relief. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision in May 1997. In January 2000, the petitioners filed a motion to reopen based upon alleged changed country conditions. The BIA denied the motion on January 23, 2003.

In September 2004, the petitioners moved the BIA to reissue its decision, alleging the Board failed to mail notice of its January 2003 decision to their attorney's new address. The BIA denied the motion to reissue in January 2005, noting that the record did not contain a change of address form, mail returned as undeliverable, or any evidence of administrative error. The petitioners filed a petition for review, which we denied on April 6, 2006. See Vujicic v. Attorney General, 173 Fed. Appx. 993 (3d Cir. 2006). In our opinion, we stated that there is no reason why the BIA has an obligation to reissue a decision where it has followed its own procedures. Here the Board has followed the procedures outlined in the

2

regulations and practice manual by mailing notice of its decision to counsel's address of record-the address provided on the only Form EOIR-27 entered in petitioners' file. Counsel did not comply with the BIA's procedure for address changes. He did not file an amended Form EOIR-27, and further, he did not write to the BIA directly to advise them of his change of address. Instead, he merely copied the Board on a change of address notice sent to the petitioners. Given that petitioners' counsel failed to properly change his address with the BIA, it was his error that resulted in the failure to receive notice of the BIA decision. Id. at 996. Accordingly, we concluded that the BIA was within in its discretion in denying the petitioners' motion to reissue. Id.

The petitioners filed another motion to reopen and reissue in May 2007. This motion was based on Matter of Elezi, an unpublished BIA decision involving one of the petitioners' counsel's other clients. In Matter of Elezi, the BIA exercised its sua sponte authority to reissue a decision that apparently had not been received by counsel. In November 2007, the Board denied the petitioners' motion to reopen and reissue, noting that Vujicic, 173 Fed. Appx. 993, "is the binding law of the case and reflects there was no error in [the] denial of the [first] motion [to reissue]." The Board further noted that Matter of Elezi has no binding effect and involved "an error with the Clerk's office in updating the file with a new address," a fact absent in the petitioners' case. The BIA also declined to exercise its sua sponte authority to reopen. Finally, the BIA found that the petitioners presented no evidence of changed country conditions that would warrant an exception to the time and number

3

limitations on motions to reopen.

The petitioners, through counsel, filed a petition for review of the BIA's decision. The denial of a motion to reopen is reviewed for abuse of discretion. See Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Thus, in order to succeed on the petition for review, the petitioners must ultimately show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

The petitioners are essentially relitigating the issue raised and rejected in their prior petition for review, namely, whether the BIA abused its discretion in denying their motion to reissue its January 2003 decision. The only difference is that in this case the petitioners rely on Matter of Elezi, a recent, unpublished BIA decision. In particular, the petitioners argue that the BIA should reissue its prior decision because it granted a motion to reissue in Matter of Elezi. But, as the Board noted, this case is distinguishable from Elezi. In Elezi, the record indicated that the BIA had received a letter from counsel requesting that his address be updated in records of the Clerk's office. No such letter appears in the present record. See Vujicic, 173 Fed. Appx. at 996 n.2 (distinguishing, on similar grounds, the case of "another of counsel's clients in which the Board agreed to reissue a decision that had been mailed to counsel's former address."). Under these circumstances, we conclude that the BIA

4

properly denied the petitioners' motion to reopen and reissue.[1]

For the foregoing reasons, we will deny the petition for review.

---

[1]To the extent that the petitioners allege that the BIA incorrectly refused to <u>sua sponte</u> reopen the proceedings, we lack jurisdiction. <u>See</u> <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 475 (3d Cir. 2003). There is also no error in the BIA's determination that the petitioners' motion to reopen is time- and number-barred, and that no exception to those limitations exists. <u>See</u> 8 C.F.R. § 1003.23(b)(4)(i).